**UNITED STATES DISTRICT COURT**
District of New Jersey

CHAMBERS OF
JOSE L. LINARES
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

**NOT FOR PUBLICATION**                                                                                      **CLOSED**

May 9, 2011

Assem A. Abulkhair
P.O. Box 2751
Clifton, NJ 07105
    *Via regular mail*

David L. DaCosta, Esq.
Office of the NJ Attorney General
Department of Law & Public Safety
25 Market Street
P.O. Box 112
Trenton, NJ 08625
    *Via electronic filing*

<u>**LETTER OPINION**</u>

    Re:    <u>**Abulkhair v. Page-Hawkins, et al.**</u>
              **Civil Action No. 10-2368 (JLL)**

Dear Parties:

    This matter comes before the Court by way of: (1) Plaintiff's motion for default judgment as to the Passaic County Board of Social Services, and (2) a joint motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendants Jeanette Page-Hawkins and the State of New Jersey. As explained below, Defendants' motion to dismiss has been treated as a motion for summary judgment. The Court has considered the submissions made in connection with both motions. No oral argument was heard. Fed. R. Civ. P. 78. Based on the reasons that follow, Defendants' motion for summary judgment is granted, Plaintiff's motion for default judgment is denied as moot and the Clerk's Office is directed to close the Court's file in this matter.

**A.**    **Background**

    On January 31, 2010, Plaintiff Assem Abulkhair, proceeding <u>pro se</u> in this matter, filed the

instant Complaint against Jeanette Page-Hawkins, the State of New Jersey and the Passaic County Board of Social Services, alleging various constitutional and statutory violations of his rights, as well as negligent infliction of emotional distress. Plaintiff's claims are all premised on the State of New Jersey's recoupment of welfare benefits paid to him (by the Passaic County Board of Social Services) from a subsequent award of social security benefits. (Compl., ¶¶ 7-24). In particular, Plaintiff maintains that the State's recoupment of such funds was unlawful inasmuch as Plaintiff had never signed an agreement to "repay" such benefits. (Compl., ¶¶ 15, 20, 23, 31). This Court's jurisdiction over this matter is premised on 28 U.S.C. § 1331.

**B.      Defendants' Motion to Dismiss**

Defendants' motion to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) was filed on March 1, 2011. In connection with said motion, Defendants asked the Court to consider various state court rulings which were not expressly referred to in Plaintiff's Complaint (or attached thereto). Rule 12(d) provides that, "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56" and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." By way of Order dated April 7, 2011, the Court provided such notice to the parties of its intent to treat Defendants' motion as a motion for summary judgment. The parties were afforded an additional period of time in which to submit any additional supporting papers for the Court's consideration. The Court made clear, in its April 7, 2011 Order, that "[i]f the parties wish for the Court to consider any additional supporting papers outside the pleadings, such **must be submitted (and received by the Court) on or before April 28, 2011.** To be clear, the Court will not accept any further submissions in connection with this motion after close of business day on April 28, 2011." (April 7, 2011 Order). As of today's date, Plaintiff has failed to file any substantive opposition to Defendants' motion, despite confirming receipt of this Court's April 7, 2011 Order. See Docket Entry No. 39.

Defendants seek summary judgment on various grounds, including but not limited to: (1) the Court lacks jurisdiction to entertain this matter pursuant to the Rooker-Feldman Doctrine, and (2) in the alternative, Plaintiff's claims are barred by the doctrine of res judicata because he has already litigated this matter in state court.

**1.      Rooker-Feldman Doctrine**

"The Rooker-Feldman doctrine deprives a federal district court of jurisdiction in some circumstances to review a state court adjudication." Turner v. Crawford Square Apartments III, L.P., 449 F.3d 542, 547 (3d Cir. 2006). The Rooker-Feldman doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

Here, although it is undisputed that Plaintiff filed (at least one) suit in state court concerning

the same subject matter of this lawsuit prior to the commencement of the instant cause of action,[1] Plaintiff's federal Complaint alleges injuries stemming from the State's recoupment efforts, not from the New Jersey Superior Court's judgment(s). Accordingly, the Court cannot conclude that it lacks jurisdiction over this matter by virtue of the Rooker-Feldman doctrine. See, e.g., Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 167 (3d Cir. 2010) ("When, however, a federal plaintiff asserts injury caused by the defendant's actions and not by the state-court judgment, Rooker-Feldman is not a bar to federal jurisdiction."); Dukes v. Lancer Ins. Co., 390 Fed. Appx. 159, 161-162 (2010) ("In this case, Dukes's complaint alleges injury stemming from Lancer's conduct, not from the New Jersey Superior Court's judgment. Accordingly, we cannot conclude that this case is barred by Rooker - Feldman.").

Based on the reasons that follow, however, the Court does conclude that Plaintiff's Complaint is barred under New Jersey law preclusion principles, specifically, res judicata and the entire controversy doctrine.

### 2. New Jersey Preclusion Principles

As previously stated, Plaintiff's Complaint alleges injuries stemming from the State's recoupment efforts. See Compl., ¶ 38 ("Defendants State of New Jersey and Passaic County Board of Social Services could not be recouped without the improper intervention escorted with a preauthorization and specific plan authorized by the leading Defendant Jeanette Page-Hawkins, who knowingly and deliberately acted under color of state law to deprive Plaintiff of his absolute rights to due process and to regain his SSI $4,107.00 property taken by the Defendants."); ¶ 81 ("Defendants' conduct in remotely activating their improper recoupment from Abulkhair's SSI benefits after employed him [sic] as disabled, without compensation consisting of their awareness and acknowledgment of Abulkhair's disability . . . .violated and offended the Fair Labor Standards Act of 1938, Section 2029 in particular and [the] ADA.").

In support of its summary judgment motion, Defendants attach various state court decisions which, according to Defendants, indicate that Plaintiff has already litigated the very issues he seeks to litigate in this federal action in state court. The Court has closely reviewed the various Superior Court and Appellate Division decisions attached to Defendants' motion. Although Defendants do not attach a copy of the Complaint(s) filed by Abulkhair in the state court action(s), the following excerpt from a 2009 Appellate Division decision confirms that Plaintiff has already litigated, in state court, claims concerning the same legal controversy at issue in his federal action:

> Abulkhair applied to the Board and received benefits from the General Assistance component of the Work First New Jersey welfare program (WFNJ/GA). N.J.S.A. 44:10-71 to -94. In the case of Passaic County residents, the WFNJ/GA program is implemented at the local

---

[1] See Compl., ¶¶ 32, 33; Abulkhair v. State of New Jersey and Passaic County Board of Soc. Servs., 2009 WL 937245 (N.J. Super. Ct. App. Div. April 9, 2009).

level by the Board, which is the county welfare agency, pursuant to regulations of the Department of Human Services (Department), Division of Family Development (Division). See N.J.S.A. 44:10-73.

WFNJ/GA regulations permit the local welfare agencies to grant interim financial assistance to individuals who have applied to the SSA for Supplemental Security Income (SSI) benefits and whose applications are pending. N.J.A.C. 10:90-14.5(a). As a condition of receiving interim assistance, N.J.A.C. 10:90-14.5(c) requires that WFNJ/GA applicants execute authorization forms sanctioned by 42 U.S.C.A. § 1383(g) and 20 C.F.R. §§ 416.1901-.1922. The forms authorize the SSA to forward some or all of the recipient's initial SSI payment directly to the welfare agency, rather than the recipient, so that the welfare agency can recoup the amount of the WFNJ/GA assistance granted from the time of the recipient's filing for SSI through the month in which SSI payments begin. 42 U.S.C.A. § 1383(g); 20 C.F.R. §§ 416.1901-.1922.

Along with his application, Abulkhair executed an authorization for reimbursement form.

* * *

In June 2003, the Board granted Abulkhair's application for interim assistance and he began to receive the interim benefits. In April 2004, the SSA granted Abulkhair's application for SSI benefits. Pursuant to Abulkhair's authorizations for reimbursement, the SSA divided Abulkhair's retroactive payment, sending $3,407 directly to the Board as reimbursement for interim WFNJ/GA assistance and sending the remaining $14,916.81 directly to Abulkhair.

Abulkhair filed an administrative appeal of the Board's action, which was adjudicated by the Division. In the administrative appeal, Abulkhair asserted that he had not signed any reimbursement authorizations and argued that, in any event, he had no obligation to reimburse the Board because of work he had been required to perform as a condition of receiving the assistance. In October 2005, the Division's Director issued a final agency decision affirming the Board's reimbursement action. Based upon a review of the documentary evidence submitted by the parties, the Director found that Abulkhair had in fact executed the SSI reimbursement forms. The Director also rejected Abulkhair's claim of entitlement to a credit for the work activity he performed, pointing out that performance of

>work activity is a program requirement. See N.J.A.C. 10:90-4.1.
>
>On November 2, 2005, Abulkhair filed a notice of appeal. On appeal, he contended, as he did before the administrative agency, that he did not authorize reimbursement from his SSI benefits and that he owed no money because of his performance of WFNJ/GA work activity. On March 23, 2007, we affirmed the Director's determination. Abulkhair I, supra, No. A-1683-05T5.
>
>In June 2007, Abulkhair applied to the Supreme Court of New Jersey for leave to file a petition for certification out of time. The Supreme Court denied Abulkhair's application and dismissed the petition for certification as moot. Abulkhair v. Passaic County Board of Soc. Servs., Motion No. M-25-07 (2007).
>
>In September 2007, Abulkhair filed a petition for a writ of certiorari in the Supreme Court of the United States. On November 26, 2007, the Supreme Court denied Abulkhair's petition. Abulkhair v. Passaic County Bd. of Soc. Servs., --- U.S. ----, 128 S.Ct. 667, 169 L. Ed.2d 524 (2007).
>
>In February 2008, Abulkhair filed a complaint in the Law Division, alleging that the State and the Board were negligent and in breach of contract because they recouped SSI benefits in the amount of $3,400 despite his having "provided (615) hours of work equivalent to $9,458.70." Although the named defendants were the State and the Board, Abulkhair's complaint was mistakenly served on the Department of Labor and Workforce Development in Elizabeth, New Jersey. Nevertheless, the State entered an appearance and filed a motion to dismiss Abulkhair's complaint in lieu of an answer on April 21, 2008. After hearing oral argument, Judge John Pisansky held that Abulkhair's complaint regarding the recoupment of his SSI had been fully litigated "in the administrative process and the appellate process, including the Appellate Division and ... the New Jersey and the United States Supreme Courts." Consequently, he granted the motion and dismissed the complaint. Abulkhair appeals that decision.

Abulkhair v. State of New Jersey and Passaic County Board of Soc. Servs., 2009 WL 937245 (N.J. Super. Ct. App. Div. April 9, 2009).   After conducting a detailed analysis of Abulkhair's claims under New Jersey's preclusion principles, the Appellate held as follows:

>Because the Board administers the WFNJ/GA program under the

> supervision of the Division, Abulkhair's administrative appeal was properly determined by the Division. N.J.A.C. 10:90-9.1 to -9.17. Appeals from final decisions of such State administrative agencies are properly made to the Appellate Division. Infinity Broadcasting Corp. v. New Jersey Meadowlands Comm'n, 187 N.J. 212, 223, 901 A.2d 312 (2006). Consequently, our earlier affirmance of the administrative decision, which both the New Jersey and United States Supreme Courts declined to review, was dispositive of the issues raised by Abulkhair administratively and in the Law Division. They are essentially the same issues.
>
> In summary, we affirm Judge Pisansky's dismissal of Abulkhair's complaint with prejudice because the issues raised in the complaint were conclusively adjudicated in the prior administrative action. New Jersey law simply does not permit him to relitigate the same issues again in another forum.

Abulkhair, 2009 WL 937245, at *3-4. Based on the reasons that follow, and in light of the foregoing discussion and conclusions by the Appellate Division, it is clear that the claims asserted by Plaintiff in this action are barred by New Jersey's preclusion principles.

### a. Res Judicata

Pursuant to the doctrine of res judicata, "a cause of action between parties that has been finally determined on the merits by a tribunal having jurisdiction cannot be relitigated by those parties or their privies in a new proceeding." Velasquez v. Franz, 123 N.J. 498 (1991). Accordingly, to the extent Plaintiff's complaint in this matter sought to reassert any of the claims from his state court proceeding – claims which have now been adjudicated on the merits[2] and dismissed with prejudice – such claims are barred under the doctrine of res judicata and may not be asserted in this matter. See, e.g., Dukes v. Lancer Ins. Co., 390 Fed. Appx. 159, 162 (3d Cir. 2010) ("[T]o the extent Dukes's complaint in the instant case sought to reassert any of the claims from his state court proceeding – claims that were adjudicated on the merits – those claims are barred here.").

### b. Entire Controversy Doctrine

As for those claims which were not raised in the state court proceeding – namely, claims that Defendants violated Plaintiff's constitutional and/or federal statutory rights – the issue is whether those claims are barred by New Jersey's entire controversy doctrine. The entire controversy doctrine[3] "embodies the notion that the adjudication of a legal controversy should occur in one

---

[2] Plaintiff does not dispute this.

[3] See Rule 4:30A of the New Jersey Court Rules.

litigation in only one court." Rycoline Prods., Inc. v. C & W Unlimited, 109 F.3d 883, 885 (3d Cir. 1997) (internal quotation marks and citation omitted). Thus, the entire controversy doctrine "requires that a person assert in one action all related claims against a particular adversary or be precluded from bringing a second action based on the omitted claims against that party." In re Mullarkey, 536 F.3d 215, 229 (3d Cir. 2008) (internal quotation marks and citation omitted).

Turning now to the doctrine itself, Plaintiff does not dispute that his constitutional and/or statutory claims are based on the same legal controversy as his state court claims – namely, recoupment of welfare benefits paid to him (by the Passaic County Board of Social Services) from a subsequent award of social security benefits. The addition of Page-Hawkins – Director of New Jersey's Department of Human Services[4] – as a Defendant in Plaintiff's federal case does not change his cause of action. See, e.g., Gregory v. Chehi, 843 F.2d 111, 119 (3d Cir. 1988) ("Nor does the presence of additional defendants in the federal case change the cause of action. The essence of the cause of action asserted against the defendants in the state proceeding is not altered by the addition of more parties. At bottom rests a single incident-the discharge of the patrolman from the police force."). At bottom rests a single incident – the State's efforts to recoup welfare benefits paid to Plaintiff from a subsequent award of social security benefits. Plaintiff has failed to establish that his federal claims (or those claims now asserted against Page-Hawkins) were "unknown, unarisen or unaccured" at the time of his state court proceeding[5] or that the New Jersey Superior Court failed to afford him a full and fair opportunity to raise such claims in that forum.[6] Moreover, Plaintiff does not dispute that his state court action was concluded (April 2009) before he commenced his federal action (May 2010).[7]

As the Third Circuit explained in Bernardsville Quarry, Plaintiff had "but one choice" when the claims asserted in his state court action were being adjudicated – namely, to litigate every claim he had concerning the State's recoupment efforts, to the best of his ability. Plaintiff apparently attempted to do so, but did not prevail. Plaintiff "cannot avoid the consequences of its failure to prevail in state court by taking a second bite of the apple now." Id. at 930. Thus, the Court finds that Plaintiff's constitutional and/or statutory claims are now barred under New Jersey's entire

---

[4] (Compl., ¶ 4).

[5] See Mystic Isle Development Corp. v. Perskie & Nehmad, 142 N.J. 310, 323 (1995) (noting that the entire controversy doctrine "does not apply to bar component claims that are unknown, unarisen, or unaccrued at the time of the original action.").

[6] See Hernandez v. Region Nine Housing Corp., 146 N.J. 645, 661 (1996) (explaining that "application of the [entire-controversy] doctrine requires equality of forum, that is, the first forum must have been able to provide all parties with the same full and fair opportunity to litigate the issues and with the same remedial opportunities as the second forum.") (quotations omitted).

[7] See Rycoline Prods., 109 F.3d at 889 (noting that New Jersey's Entire Controversy Doctrine does not "preclude the initiation of a second litigation before the first action has been concluded.").

controversy doctrine. Plaintiff has provided the Court with no basis on which to find otherwise. See, e.g., Bernardsville Quarry v. Borough of Bernardsville, 929 F.2d 927, 929 (3d Cir. 1991) ("To the extent then that BQI did not adjudicate every aspect of its federal claims, it is now barred from raising them again."). Defendants' motion for summary judgment is therefore granted.

### C. Plaintiff's Motion for Default Judgment as to the Passaic County Board of Social Services

To date, the Passaic County Board of Social Services has failed to file an Answer in this matter. The Clerk's Office entered default as to this Defendant on July 30, 2010. On February 17, 2011, Plaintiff's motion for default judgment as to the Passaic County Board of Social Services was denied without prejudice. Because the Court now concludes that the claims asserted by Plaintiff in this action are barred by New Jersey's preclusion principles of res judicata and/or the entire controversy doctrine, Plaintiff's renewed request for default judgment, filed on March 16, 2011, is denied as moot.

### **CONCLUSION**

Based on the reasons set forth above, Defendants' motion for summary judgment is granted and Plaintiff's motion for default judgment is denied as moot. The Clerk's Office is hereby directed to close the Court's file in this matter.

An appropriate Order accompanies this Letter Opinion.

   /s/ Jose L. Linares
Jose L. Linares
United States District Judge